CHRISTIAN GABROY, ESQ.
ROBERT ORMAN, ESQ.
1 North LaSalle - Suite 1775
Chicago, IL 60602
(312) 265-3257
(312) 372-0520

LEON GREENBERG, ESQ.
2965 South Jones Boulevard #E-4
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------x

VENITIA HOLLINS, JENNIFER          )    **Case No.:** 13-cv-07686
CHOUNARD, NICOLE GADALLA, and      )
SYDNEY HIGBY, Individually and     )
on behalf of all others            )    **FIRST AMENDED COMPLAINT**
similarly situated,                )
                                   )    **CLASS ACTION**
          Plaintiffs,              )
                                   )
vs.                                )
                                   )
                                   )
REGENCY CORPORATION and HAYES      )
BATSON,                            )
                                   )
          Defendants.              )
_____

     COMES NOW PLAINTIFFS, on behalf of themselves and all others similarly situated and on behalf of the general public, hereby allege:

### JURISDICTION AND VENUE

     1.   This Court has jurisdiction over the claims alleged herein because Plaintiffs seek relief pursuant to the Fair Labor Standards Act ("FLSA") for the Defendants' failure to pay minimum wages and/or

1

overtime wages as required by 29 U.S.C. § 201-218 et. seq.  The employment relationship alleged to exist between the parties is subject to the FLSA because the defendants are properly deemed "employers" within the meaning of the FLSA as they have in excess of $500,000 in yearly revenue and the employment alleged involved the use or handling of goods that have moved or were moving in interstate commerce, as those terms are defined in the FLSA.

2.   The Court has supplemental and original jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a) and the Class Action Fairness Act of 2005, 28 USCS § 1332 ("CAFA"). Supplemental jurisdiction is properly exercised over such state law claims which present many overlapping and identical issues of law and fact as the FLSA claims.  CAFA jurisdiction is properly exercised over such state law claims as the value of those claims are believed to exceed $5,000,000 on behalf of the alleged class and the citizenship of the parties meets the diversity requirements of CAFA and the other conditions for this Court to assert jurisdiction under CAFA over such claims are present.  Venue is properly placed before this Court as the uncompensated labor of the named plaintiffs giving rise to the claims made in this Complaint was performed for the defendants in the Northern District of Illinois.

**PARTIES**

3.   Plaintiff, Venitia Hollins (one of the "Named Plaintiffs" or "Plaintiffs" and a "Class Member"), resides in Cook County, Illinois and the uncompensated labor they performed for the defendants giving rise to the claims made in this complaint was performed in the State of Illinois.

4.   Plaintiff, Jennifer Chounard (one of the "Named

2

Plaintiffs" or "Plaintiffs" and a "Class Member"), resides in Champaign County, Illinois and the uncompensated labor they performed for the defendants giving rise to the claims made in this complaint was performed in the State of Illinois.

5. Plaintiff, Nicole Gadalla(one of the "Named Plaintiffs" or "Plaintiffs" and a "Class Member"), resides in Michigan and the uncompensated labor they performed for the defendants giving rise to the claims made in this complaint was performed in the State of Michigan.

6. Plaintiff, Sydney Higby(one of the "Named Plaintiffs" or "Plaintiffs" and a "Class Member"), resides in Colorado and the uncompensated labor they performed for the defendants giving rise to the claims made in this complaint was performed in the State of Colorado.

7. Defendant Regency Corporation ("Regency") is a corporation formed and existing under the laws of the State of Minnesota and which is duly registered to conduct business as Regency Beauty Institute in the various states in which it operates and committed the acts alleged herein.

8. Defendant Hayes Batson ("Batson") is the chairman and, either directly or through intermediaries, the owner of Regency.

9. Regency operates beauty or cosmetology schools under the name Regency Beauty Institute (the "Regency Beauty School Business" or "Regency Beauty School") in Alabama, Arizona, Arkansas, Colorado, Florida, Illinois, Indiana, Kansas, Louisiana, Maryland, Michigan, Minnesota, Missouri, North Carolina, Ohio, South Carolina, Tennessee, Texas, Virginia and Wisconsin. It maintains over 50

3

places of operation and is one of the largest beauty school business operations, both in terms of students, revenue, and number of locations, in the United States.

## CLASS ACTION AND REPRESENTATIVE ALLEGATIONS

10.   The named Plaintiffs bring this action on their own behalf, and on behalf of the class of all persons similarly situated and on behalf of the general public.

11.   The class consists of all persons who were, as alleged herein, wholly uncompensated employees of the Defendants in their profit making personal services businesses under the FLSA, such class claims being brought pursuant to 29 U.S.C. § 216(b) which authorizes lawsuits on behalf of others similarly situated, such lawsuits often referred to as "collective" and not "class" actions. Some or all of such persons who are alleged to be similarly situated and members of the FLSA class are also entitled to relief under the laws of the States of Arizona, Arkansas, Colorado, Florida, Illinois, Indiana, Kansas, Louisiana, Maryland, Michigan, Minnesota, Missouri, North Carolina, Ohio, South Carolina, Tennessee and Wisconsin (the "state claims"), as alleged herein.  It is asserted that the state claims are properly subject to class action treatment under FRCP Rule 23 for the reasons alleged herein.

12.   The class claims asserted in paragraph 11 encompass under the FLSA the time period from three years prior to the commencement of this action through the date of any judgment, such claims encompassing for state law purposes the statute of limitations

applicable to each state's law as determined by the date of the commencement of this action through date of any judgment.

13.   The class of persons identified in paragraph 11 is in excess of 1000 and is so numerous that the joinder of each member of the class is impracticable.

14.   There is a well-defined community of interest in the questions of law and fact affecting the class the named plaintiffs propose to represent.  The class members' claims against defendants involve questions of common or general interest, in that their claims are based on defendants' failure to pay any wages whatsoever to such persons despite the FLSA's requirement, as alleged herein, that such persons be paid at least the minimum hourly wage provided for in 29 U.S.C. § 206, such conduct also violating the legal obligations imposed upon the defendants under the various state laws alleged herein.  These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

15.   The named plaintiffs will fairly and adequately represent the interests of the class, because the named plaintiffs are members of the class and the claims of the named plaintiffs are typical of the claims of those in the class.  The named plaintiffs have retained experienced counsel competent to represent the class, the adjudication of the putative FRCP Rule 23 class claims on a class action basis is superior to other means of adjudication of such claims and/or is desirable based upon the common actions of the defendants towards the class and/or the risk of inconsistent

adjudications and uncertainty regarding the proper standard of conduct by the defendants if such claims were subject to multiple individual litigations and/or the other criteria of FRCP Rule 23 are met warranting the class action certification of such claims.

16. If necessary to preserve the Court's jurisdiction over and power to adjudicate the claims made in this case, and prevent those claims from being subject to individual arbitration, the named plaintiffs expressly stipulate that each of them and each member of the putative class shall limit their individual recovery to the amount that would be within the jurisdiction of the small claims court.

## RELEVANT FACTS OF THE DEFENDANTS' BUSINESS OPERATIONS AND THE PARTIES' RELATIONSHIP

17. Defendants operate the Regency Beauty School Business as a for-profit business, meaning it is not registered with, or recognized by, any State or the United States as a non-profit or charitable enterprise.

18. The defendants' Regency Beauty School Business is a for-profit business, meaning the legal entities through which such business is conducted are required by law to file tax information reports or tax returns with the United States Internal Revenue Service and on those filings such entities are not indicated to be a charity or non-profit business within the meaning of the statutes and regulations that govern their obligation to file those reports or returns.

19.   The defendants' for-profit activities that are part of the Regency Beauty School Business include providing educational services (the "educational services business") to paying students in the cosmetological trades, which includes training students to practice, as regulated by various state laws, the trades of cosmetology, barbering, esthetics or skin care, makeup artistry and manicuring.

20.   The defendants' for-profit activities that are part of the Regency Beauty School Business include the providing of personal services, for a fee, to members of the public (the "personal services business") who in exchange for paying such a fee receive cosmetology, barbering, esthetics or skin care, makeup artistry or manicuring services.

21.   The Regency Beauty School's personal services business is designed to generate a profit for defendants and does generate a profit for the defendants and the revenue defendants receive from the fees the Regency Beauty School charges to the public for the personal services provided by such business exceed the value of the materials, if any, that such members of the public consume during the receipt of such services.

22.   The Regency Beauty School utilizes the labor of the class members, who have also purchased the educational services provided by the Regency Beauty School, in the Regency Beauty School's personal services business.

23.   The class members are paid no compensation by the Regency Beauty School for the labor they provide in Regency Beauty School's

personal services business, meaning they receive no payments in United States currency or in instruments that are convertible as a matter of law into such currency in exchange for furnishing such labor.

24. The labor provided by the class members in the Regency Beauty School's personal services business was and is essential to that business, in that the labor needed to provide the personal services to the members of the public, for which such members of the public paid a fee to the Regency Beauty School, was furnished exclusively or predominately by the class members.

25. Without the labor provided by the class members, the Regency Beauty School's personal services business would either cease to operate or would have to secure labor from other persons who would have to be compensated at a minimum hourly wage as required by the FLSA and such state laws.

26. The Regency Beauty School actively promotes and advertises its personal services business to the public on its website and through other means and induces the purchase of those services by offering them to members of the public at a cost lower than the cost typically charged by other business that provide such services and do not utilize uncompensated labor to provide such services. The Regency Beauty School website promotes the same by expressly advising that:

> At Regency Beauty Institute, we deliver the kind of personalized, positive guest experience that keeps you coming back. Visit after visit. It's part of the Regency promise. Our services are performed by supervised students (aka superstars-in-training), in a setting so

> nice you'd never know it was a school. With an impressive list of hair, skin and nail services available at incredibly reasonable prices, we think you'll agree it's quite the find.

In addition to promoting its personal services business on its website through the foregoing claim about its "incredibly reasonable prices," Regency Beauty School also posts a list on its website of many of the typical prices it charges for those services.

27.    The Regency Beauty School competes with other profit making businesses that provide the same personal services that it provides to the members of the public, in that members of the public have available to them other providers of such personal services besides the Regency Beauty School who, for a fee, will provide such personal services.

28.    The Regency Beauty School is able to advantageously compete with other profit making businesses that provide the same personal services that it provides to the members of the public by charging members of the public lower fees for such services than those charged by its competitors.

29.    The Regency Beauty School's ability to provide the same personal services to members of the public as are provided by its competitors, and earn a profit by doing so despite charging less for those services than its competitors, is either substantially or entirely the result of the Regency Beauty School enjoying lower operating costs in its personal services business because it provides such services to the public using the class members' unpaid labor while its competitors must pay at least the minimum hourly

wage required by the FLSA or state law to their employees who provide the same labor and services to the public.

30.   The Regency Beauty School could have the class members provide personal services to the public without charge, or only for a charge equivalent to the actual cost, if any, of the materials consumed in providing such personal services.

31.   The defendants have made a conscious decision to not have the class members provide personal services to the public without charge, or only for a charge equivalent to the actual cost, if any, of the materials consumed in providing such personal services.

32.   The defendants have made a conscious decision to not have the class members provide personal services to the public without charge, or only for a charge equivalent to the actual cost, if any, of the materials consumed in providing such personal services, and have made that decision so the Regency Beauty School can operate a profit making personal services business that competes with other enterprises that also provide such personal services and are not in the educational services business.

33.   While the class members' labor in the Regency Beauty School's personal services business benefits them in securing experience providing such personal services and in achieving their ultimate goal of being licensed to practice their desired occupation, defendants' decision to operate the Regency Beauty School's personal services business as a profit making venture is irrelevant to the class members' education and occupational goals. This is because the class members would enjoy the exact same benefit

if the Regency Beauty School did not charge members of the public any fee for such personal services, or if it only charged a fee sufficient to cover the actual cost of the materials, if any, consumed by such members of the public while receiving such personal services.

34.   The Regency Beauty School's educational services business neither requires nor benefits from the defendants' decision to charge members of the public for providing personal services and to carry on a profit making personal services business utilizing the unpaid labor of the class members.

35.   The defendants' carrying on of a for profit personal services business, utilizing the unpaid labor of the class members, has the effect of depressing wages and employment opportunities generally among workers who would otherwise provide those personal services.  That depression of wages and employment opportunities arises because the Regency Beauty School is paying nothing whatsoever for the class members' labor it uses to provide such services, which in turn results in it being able to conduct a profit making personal services business that charges members of the public less than its competitors must charge, such competitors paying at least the minimum hourly wage required by the FLSA and state law to their employees.  Such ability of the defendants to secure labor for the Regency Beauty School's profit making personal services business, without paying at least the minimum hourly wage required by the FLSA and state law for that labor, results in other businesses who provide the same personal services and that do pay

11

such minimum hourly wages being unable to increase the wages of their workers above that minimum hourly amount or hire more workers to provide such services. Those other businesses are unable to do those things as a direct and proximate result of defendants utilization of the class members' unpaid labor in the Regency Beauty School's personal services business and the Regency Beauty School's ability, as a result of such utilization, to sell such personal services to the public for an amount less than such other businesses could charge and still make a profit.

36.  The amount of hours of unpaid labor that the class members performed in the Regency Beauty School's personal services business is known to the defendants who kept detailed contemporaneous records of those hours of work and in respect to each of the named plaintiffs such hours of work were in excess of 500 hours.

## HOW THE RELEVANT FACTS ESTABLISH AN EMPLOYMENT RELATIONSHIP FOR THE PURPOSES OF THE FLSA AND STATE LAW

37.  The relationship between the Regency Beauty School and the putative class members, in respect to the labor provided by the putative class members in the Regency Beauty School's personal services business, is one of employer and employee for the purposes of the FLSA and state law. That employment relationship exists for the following reasons:

> (a) The class members provided labor in the Regency Beauty School's personal services business that was immediately advantageous to defendants and the

12

profitability of such business was substantially or wholly dependent upon such labor;

(b) The class members, while receiving a benefit from their labor in the Regency Beauty School's personal services business in the form of experience that assisted them in achieving their occupational goals, were simultaneously conferring a valuable economic benefit upon the defendants, which were charging the public for the services of the class members and profiting from such charges;

(c) The class members' labor in the Regency Beauty School's personal services business displaced or made unnecessary the employment of the persons the Regency Beauty School would have otherwise had to employ, and pay wages to, for the performance of the labor that the class members furnished and from which the defendants profited;

(d) Certain of the class members' labor did not and could not confer any educational or occupational benefit whatsoever upon such class members, in that the class members, or some of them, were required by defendants to spend time not actually performing personal services on customers but performing manual labor or administrative functions including, but not limited to, janitorial, clerical or logistical functions, that were essential and necessary for the conducting of the Regency Beauty School's personal services business but which had no

educational purpose or benefit to the class members and for which time expenditures defendants failed and refused to pay the class members any wages whatsoever; and

(e) For the reasons stated in paragraph 35, as the Regency Beauty School's utilization of the unpaid labor of the class members in a commercial, for-profit, personal services business depresses the wages of employees in that industry and lessens the employment opportunities in that industry.

### HOW THE RELEVANT FACTS RENDER THE DEFENDANT BATSON LEGALLY RESPONSIBLE FOR THE PLAINTIFFS' CLAIMS

38. The defendant Batson, by virtue of his ownership and/or control of the Regency Beauty School Business, was empowered to make, and did make, the decisions to have the Regency Beauty School institute and/or continue the defendants' practices that are alleged to have created an employer and employee relationship between Regency Beauty School and the plaintiffs and the class members for the purposes of the FLSA and state minimum wage laws that are alleged in this complaint, such actions by Batson also causing the violations of the FLSA and state law alleged in this complaint.

39. The defendant Batson, by virtue of his ownership and/or control of the Regency Beauty School Business could have, but did not, make the decision to have the Regency Beauty School discontinue the defendants' practices that are alleged to have created an employer and employee relationship between the Regency Beauty School

and the plaintiffs and the class members for the purposes of the FLSA and the state minimum wage laws that are alleged in this complaint, such actions by Batson also causing the violations of the FLSA and state law alleged in this complaint.

40. The defendant Batson, despite having the power to do so, did not direct the Regency Beauty School to discontinue the practices that are alleged to have created an employer and employee relationship between the Regency Beauty School and the plaintiffs and the class members for the purposes of the FLSA and the state minimum wage laws that are alleged in this complaint, such actions by Batson also causing the violations of the FLSA and state law alleged in this complaint. The defendant Batson failed to take such action because doing so would have diminished the profits of the Regency Beauty School and such diminishment of profits would have in turn diminished the financial returns enjoyed by defendant Batson from his ownership and control of the Regency Beauty School.

41. The defendant Batson became aware, at least three years prior to the commencement of this action, that the personal services business of the Regency Beauty School was an important and profitable business activity of the Regency Beauty School.

42. The defendant Batson became aware, at least three years prior to the commencement of this action, that the personal services business of the Regency Beauty School relied upon the unpaid labor of the class members.

43. The defendant Batson, after becoming aware that the personal services business of the Regency Beauty School relied upon

15

the unpaid labor of the class members, made no attempt to ascertain whether the Regency Beauty School's use in its personal services business of the unpaid labor of the class members was in compliance with the FLSA or the state minimum wage laws in the states where the Regency Beauty School operated.

44.   The defendant Batson, after becoming aware that the personal services business of the Regency Beauty School relied upon the unpaid labor of the class members, and prior to the occurrence of the injuries sustained by the plaintiffs and the class members, was made aware that the use of unpaid student labor by a private for profit cosmetology school in a profit making personal services business might violate the FLSA.  The defendant Batson, despite that knowledge, made no attempt to change the Regency Beauty School's practice of using uncompensated student labor in a profit making personal services business.

45.   The defendant Batson, after he became aware that the personal services business of the Regency Beauty School relied upon the unpaid labor of the class members, and prior to the occurrence of the injuries sustained by the plaintiffs and the class members, was made aware that the use of unpaid student labor by a private for profit cosmetology school in a profit making personal services business either did violate the FLSA or had been found by at least one court to violate the FLSA.  The defendant Batson, despite that knowledge, made no attempt to change the Regency Beauty School's practice of using uncompensated student labor in a profit making personal services business.

46.   In light of the foregoing set of facts, the defendant Batson is properly deemed an "employer" of the plaintiffs and the class members within the meaning of the FLSA and the state minimum wage laws alleged in that defendant Batson was acting as a decision making "agent of an employer" and was the controlling person of the Regency Beauty School Business and the beneficial owner of the Regency Beauty School with the power to implement, continue and/or terminate the illegal policies and practices that are alleged to have violated the FLSA and the state minimum wage laws that are alleged in this complaint.   The defendant Batson not only was vested with such powers, but also knowingly exercised such powers to continue the violations of the FLSA and the state minimum wage laws that are alleged in this complaint and/or they acquiesced to the continuation of such violations despite having the power and duty to prevent and stop the same.   In addition, because the actions of Batson in causing the violations of the FLSA and state laws alleged were intentional, and such violations also constitute criminal offenses, Batson cannot shield himself from personal civil liability for such actions because he had those actions performed by Regency.

### FIRST CLAIM FOR RELIEF UNDER
### THE FAIR LABOR STANDARDS ACT

47.   Plaintiffs hereby incorporate each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

48.   Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named plaintiffs and those similarly

situated were entitled to at least the minimum hourly wage, which is currently $7.25 an hour, for each hour that they labored in defendants' personal services business and in the event they worked more than 40 hours a week an overtime hourly wage of time and one-half such minimum hourly wage for all hours worked in excess of 40 hours per week.

49. The named plaintiffs and those similarly situated were paid no monetary compensation whatsoever by the defendants for performing labor for the defendants as employees in the defendants' personal services business, such failure to pay the plaintiffs and the class members any compensation whatsoever violating the minimum hourly wage requirements of 29 U.S.C. § 206 and, in the event any of the class members or plaintiffs ever worked in excess of 40 hours in a week, the overtime pay requirements of 29 U.S.C. § 207.

50. Defendants aforesaid violations of the FLSA were willful in that defendants were aware they were running a for profit personal services business and were treating the class members like employees and defendants also were aware that employees of profit making personal services businesses are covered by the minimum hourly wage requirements of the FLSA.

51. The named plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, it also being proposed that all such persons be notified of this action through the dispatch of a written notice to the last known names and addresses of such persons that are set forth in the defendants' records or that can otherwise be ascertained, seek, on

this First Claim for Relief, a judgment for unpaid minimum wages and overtime wages and additional liquidated damages of 100% of any such unpaid wages, such sums to be determined based upon an accounting of the hours worked by the named plaintiffs and any such other persons who consent to join this action, and the plaintiffs also seek an award of attorney's fees, interest and costs as provided for by the FLSA.

**SECOND CLAIM FOR RELIEF UNDER**
**STATE LAWS REQUIRING A MINIMUM HOURLY WAGE**
**AND UNDER CERTAIN CIRCUMSTANCES AN OVERTIME WAGE**

52.  Plaintiffs hereby incorporate each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

53.  The conduct alleged by the defendants also constituted a violation of the laws of the states of Arizona, Colorado, Florida, Illinois, Maryland, Michigan, Minnesota, Missouri, Ohio, and Wisconsin that require the payment of minimum hourly wages and in some instances overtime wages of one and one-half times the minimum hourly wage, and that authorize civil suits to collect the same including, but not necessarily limited to, the following:

(a)  Arizona Statutes, §§ 23-363, 23-364 (Requiring payment of minimum hourly wages and providing for enforcement of that right through civil action);

(b)  Colorado Statutes Title 8, Article 6, and the Minimum Wage Order(s) issued thereunder, and Section 15 of Article XVIII of Colorado's Constitution providing for

the payment of minimum wages;

(c)   Florida Constitution Article X, Section 24, providing for the payment of minimum wages;

(d)   Illinois Statutes Chapter 820, Section 105 et seq.;

(e)   Maryland Labor and Employment Code § 3-413;

(f)   Michigan Statutes Section 408.384;

(g)   Minnesota Fair Labor Standards Act, Minnesota Statutes Chapter 177;

(h)   Missouri Statutes, Title 18, Chapter 290, Missouri Minimum Wage Law

(i)   Ohio Constitution Section 34a of Article II and Chapter 4111 of the Ohio Revised Code;

(j)   Wisconsin Statutes Chapter 104 and applicable provisions of the Wisconsin Administrative Code issued to implement the same.

54.   Defendants' alleged conduct has deprived all of the class members who worked for the defendants in the states of Arizona, Colorado, Florida, Illinois, Maryland, Michigan, Minnesota, Missouri, Ohio and Wisconsin of the minimum wages and in some instances overtime wages owed to such class members pursuant to such states' laws.

55.   The named plaintiffs, on behalf of themselves and the plaintiff class, seek a judgment against all defendants for all minimum wages, overtime wages, and liquidated damages and all other damages and monetary relief authorized by the state laws of Arizona, Colorado, Florida, Illinois, Maryland, Michigan, Minnesota,

Missouri, Ohio and Wisconsin for violations of such states' minimum wage or overtime wage payment requirements.

56.   The named plaintiffs, on behalf of themselves and the plaintiff class, also seek declaratory and equitable relief, in the form of a declaration on the illegality of defendants' practices and a suitable injunction restraining defendants from continuing to violate the minimum wage and overtime wage payment requirements of the states of Arizona, Colorado, Florida, Illinois, Maryland, Michigan, Minnesota, Missouri, Ohio and Wisconsin.

**THIRD CLAIM FOR RELIEF UNDER**
**STATE STATUTES REQUIRING THE**
**PAYMENT OF EARNED AND UNPAID WAGES**

57.   Plaintiffs hereby incorporate each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

58.   The conduct of the defendants, in failing to pay the minimum hourly wages required by the FLSA and in certain circumstances the law of the state where class members were working, has also violated the requirements of certain state statutes that expressly require the payment of full and properly earned wages to employees, including, but not necessarily limited to, the following:

(a)   Arizona Revised Statutes, §§ 23-351, 23-355, 23-353
      (Requiring semi-monthly payment of wages, payment of
      wages to terminated employees, providing for statutory
      claim to recover triple the amount of any unpaid wages);

(b)   Arkansas Code § 11-4-401;

(c)  Colorado Statutes Title 8, Article 4, Sections 103 and
110 (Setting forth frequency of required payment of wages
and authorizing civil actions to remedy violations);

(d)  Illinois Statutes Chapter 820, Section 115/11 et seq.;

(e)  Indiana Code 22-2-5-1;

(f)  Kansas Statutes §§ 44-324, 44-314 (requiring the payment
of wages at least monthly and authorizing civil lawsuits
to enforce such right).

(g)  Louisiana Statutes, Title 23, Chapter 6, relevant
provisions therein including Sec. 23.631 and 23.632

(h)  Maryland Labor and Employment code § 3-507 and 3-502.

(i)  Michigan Statutes Section 408.384;

(j)  Minnesota Statutes § 181.10, 181.171;

(k)  Missouri Statutes Title 18, Chapter 290, including Sec.
290.080

(l)  North Carolina General Statutes 95-25.6 through 95-25.12
and 95-25.22;

(m)  Ohio Revised Code Sec. 4113.15;

(n)  South Carolina Payment of Wages Act, Title 41, Chapter 10
including S.C. § 41-10-80

(r)  Tennessee Code Annotated § 50-2-103;

(s)  Wisconsin Statutes Chapter 109 and applicable provisions
thereof including Wis. Stat. § 109.03.

59.  Defendants' alleged conduct has deprived all of the class
members who worked for the defendants in the states of Arizona,
Arkansas, Colorado, Illinois, Indiana, Kansas, Louisiana, Maryland,

22

Michigan, Minnesota, Missouri, North Carolina, Ohio, South Carolina, Tennessee and Wisconsin of the wages defendants were legally required to pay them pursuant to such states' laws.

60. The named plaintiffs, on behalf of themselves and the plaintiff class, seek a judgment against all of the defendants for all of the wages and liquidated damages and all other damages and monetary relief authorized by the state laws of Arizona, Arkansas, Colorado, Illinois, Indiana, Kansas, Louisiana, Maryland, Michigan, Minnesota, Missouri, Ohio, South Carolina, Tennessee and Wisconsin as a result of defendants' failure to pay the named plaintiffs and class members the wages defendants were legally required to pay them pursuant to such states' laws.

61. The named plaintiffs, on behalf of themselves and the plaintiff class, also seek declaratory and equitable relief, in the form of a declaration on the illegality of defendants' practices and in the form of a suitable injunction restraining defendants from continuing to fail to pay the wages of the class members, as required by the laws of Arizona, Arkansas, Colorado, Illinois, Indiana, Kansas, Louisiana, Maryland, Michigan, Minnesota, Missouri, Ohio, South Carolina, Tennessee and Wisconsin.

**FOURTH CLAIM FOR RELIEF UNDER
STATE STATUTES IMPOSING PENALTIES OR
CONTINUING WAGE PAYMENT OBLIGATIONS**

62. Plaintiffs hereby incorporate each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

63.    The conduct of the defendants, in failing to pay the wages of the plaintiffs and the class members as required by the laws of the states where certain class members were working, has also made the defendants become liable to such class members for the payment of additional penalties provided for by statute and/or continuing wages to such persons or other monetary damages, including, but not necessarily limited to, the following:

(a)    Arizona Revised Statutes, § 23-355 (providing for triple damages on unpaid wage claims);

(b)    Colorado Statutes Title 8, Article 4, Section 109;

(c)    Illinois Statutes Chapter 820, Sections 120/12(a) and 115/14(a) et seq.;

(d)    Indiana Code 22-2-5-1, 22-2-9-4 & 22-2-5-2;

(e)    Kansas Statutes § 44-314, 44-315 (providing for up to 100% penalty recoverable by the worker on an unpaid wage claim);

(f)    Louisiana Statutes, Title 23, Chapter 6, relevant provisions therein including Sec. 23.632

(g)    Maryland Labor and Employment code § 3-507.1(b);

(h)    Michigan Statutes Section 408.393;

(i)    Minnesota Statutes § 181.13;

(j)    North Carolina General Statutes 95-25.22;

(k)    South Carolina Payment of Wages Act, Title 41, Chapter 10 including S.C. § 41-10-80

(l)    Wisconsin Statutes 109.11.

64.    Defendants' alleged conduct, in failing to pay the class

24

members who worked for the defendants in the states of Arizona, Colorado, Illinois, Indiana, Kansas, Louisiana, Maryland, Michigan, Minnesota, North Carolina, South Carolina and Wisconsin, the wages defendants were legally required to pay them either under the laws of such states or the FLSA has given rise to a claim for monetary damages, in an amount in addition to such unpaid wages, pursuant to such states' laws.

65.   The named plaintiffs, on behalf of themselves and the plaintiff class, seek a judgment against all defendants for all damages and monetary relief authorized by the state laws of Arizona, Colorado, Illinois, Indiana, Kansas, Louisiana, Maryland, Michigan, Minnesota, North Carolina, South Carolina and Wisconsin, alleged in this claim for relief, the same arising as a result of defendants' failure to pay the plaintiffs and the class members the wages defendants were legally required to pay them pursuant to such states' laws or the FLSA.

NOW THEREFORE, Plaintiffs pray for relief for themselves and all class members as follows:

1.   Judgment against all defendants for unpaid minimum wages and overtime wages and additional liquidated damages of 100% of any unpaid minimum wages and overtime wages pursuant to the FLSA along with an award of costs and attorney's fees;

2.   Judgment against all defendants for unpaid minimum wages and overtime wages as required by the applicable state laws governing defendants in the states where defendant employed the plaintiffs and the class members;

3.     Judgment against all defendants for continuing wages and statutory penalties and damages as required by the applicable state laws governing defendants in the states where defendants employed the plaintiffs and the class members;

4. Equitable, declaratory and injunctive relief including restitution and restraint of defendants' actions in the future under applicable state laws;

5. Costs, litigation expenses and disbursements, interest and reasonable attorney's fees; and

6. Such further relief the court deems just and reasonable.

Plaintiffs also demand a trial by jury on all claims subject to a trial by jury.

Dated this 17th day of December, 2013

                        Leon Greenberg, Esq.

                              */s/ Leon Greenberg*
                        By:_____
                            Leon Greenberg, Esq.
                            2965 South Jones Boulevard E-4
                            Las Vegas, NV 89146
                            (702) 383-6085
                            leongreenberg@overtimelaw.com
                            Attorney for Plaintiffs